UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS PAIGE, | ) |
| | ) CASE NO. 1:18-CV-883 |
| Plaintiff, | ) |
| | ) JUDGE DONALD C. NUGENT |
| | ) |
| vs. | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| HOME DEPOT U.S.A., INC., | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on the Plaintiff's Motion to Remand to the Cuyahoga County Court of Common Pleas (ECF Document #6). The Motion to Remand is opposed by the Defendant (ECF Document #7). Having carefully considered the legal and factual issues raised, and for the reasons that follow, the Motion to Remand is hereby DENIED.

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Douglas Paige initially filed this lawsuit in the Cuyahoga County Common Pleas Court on September 28, 2016. It was subsequently voluntarily dismissed pursuant to Ohio Civil Rule of Procedure 41(A) and Plaintiff refiled this matter in the Common Pleas Court on March 29, 2018. Plaintiff alleged Defendant Home Depot U.S.A., Inc. violated the laws of the State of Ohio when it allowed a dangerous condition to exist in its store on West 117th Street in Cleveland, Ohio. Specifically, Plaintiff claims he sustained second degree burns on his left middle finger when it was exposed to a hot cutter that was not protected nor labeled as being dangerous. On April 18, 2018, Defendant filed a Notice of Removal and the case was removed to

federal court. Plaintiff has moved to remand this case to the Cuyahoga County Court of Common Pleas based solely on his assertion that the amount in controversy does not meet the requirement set forth by 28 U.S.C. § 1332.

## II. STANDARD FOR AMOUNT IN CONTROVERSY

Federal jurisdiction in this case is based on diversity. Pursuant to 28 U.S.C. § 1332, there are two requirements to satisfy diversity jurisdiction: (1) diversity of citizenship between the parties and (2) an amount in controversy, exclusive of interest and costs, that exceeds $75,000. Plaintiff has filed his motion to remand on the basis that his claims do not meet the amount in controversy requirement. When, as here, a plaintiff does not plead a specific amount in controversy, the removing party has the burden of showing through a preponderance of the evidence, that at the time of removal, plaintiff's claims satisfy the jurisdictional amount. *Hayes v. Equitable Energy Res. Co.*, 226 F.3d 560, 572 (6th Cir. 2001). The Sixth Circuit has defined this burden as a "more likely than not" standard. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). This does not mean, however, that a defendant has the "daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount in controversy requirement." *Hayes*, 266 F.3d at 572. Punitive damages are to be considered in determining whether the amount in controversy requirement has been met. *Hayes*, 266 F.3d at 572 (citing *Holley Equip. Corp. V. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

## III. ANALYSIS

The fact that Plaintiff was injured on September 29, 2014 and that he received medical treatment for these injuries is undisputed. Looking at Plaintiff's own complaint, he alleges medical costs and expenses relating to his emergency room visit after the incident, in addition to

the costs associated with physical and mental pain and suffering, aggravation, inconvenience, grief, a restriction of the activities he can participate in and a loss of enjoyment of life. Furthermore, Plaintiff also alleges a claim for lost earnings and wages. As a professor at the Cleveland Institute of Art, Plaintiff alleges that this injury has significantly affected his ability to create art. Finally, Plaintiff asserts a claim for punitive damages, which are incalculable because they are at the discretion of the jury.

The Plaintiff's own allegations point to a desire to recover more than just the cost of the medical bills and some lost wages that have resulted from this incident. Plaintiff has failed to provide any records from his providers, medical bills documenting the expenses he has incurred from this injury, nor any calculations for lost wages or a decrease in artistic output. However, this does not mean that it is the Defendant's responsibility to prove the extent of Plaintiff's damages. Considering the medical expenses, physical and mental pain and suffering, aggravation, inconvenience, grief, restrictions on physical abilities, loss of enjoyment of life, lost wages and earnings, and a request for punitive damages, it is more likely than not that the amount in controversy requirement is met in this case.

## IV. CONCLUSION

For the reasons stated above, the Plaintiffs' Motion to Remand (ECF #6) is DENIED.

IT IS SO ORDERED.

_/s/ Donald C. Nugent_
DONALD C. NUGENT
United States District Judge

DATED: June 19, 2018